UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS TANNER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:19cv1432(KAD) |
| FRANKIE CUEVAS, DDS, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

*Pro se* Plaintiff, Thomas Tanner ("Tanner"), currently incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker") brings this civil rights complaint against Dr. Frankie Cuevas and Dental Assistant A. Duffy. He claims that the defendants have been deliberately indifferent to his medical needs, specifically, his need for a new partial denture. For the reasons set forth below, the complaint is dismissed in part.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**Allegations**

In August or September 2015, Dr. Cuevas repaired Tanner's partial lower denture. Compl., ECF No. 1, at 9 ¶ 7; Ex. A at 31. On November 24, 2015, Tanner's partial lower denture cracked and went down the toilet. *Id.*; Ex. A at 32. Dr. Cuevas instructed Tanner to fill out a lost property form. *Id.* Prison officials did not approve Tanner's request for a new partial lower denture. *Id.* at 9 ¶ 7; Ex. A at 32.

In September 2017, Tanner sent an inmate request to the Dental Department claiming that he needed a new partial lower denture. *Id.* at 9 ¶ 8. On January 28, 2018, Tanner sent a second inmate request to the Dental Department seeking a new partial lower denture. *Id.* ¶ 9. On January 30, 2018, Albert Beuscher, DMD, examined Tanner because Tanner's upper denture needed to be adjusted. During the examination, Dr. Beuscher adjusted Tanner's upper denture and noted that two teeth, numbers 22 and 27, showed decay and needed to be filled. *Id.* During the visit, Tanner informed Dr. Beuscher that his lower denture had been cracked since 2015, he had been getting painful sores and he could not eat properly. *Id.* at 10 ¶ 9.

On March 20, 2018, Dr. Cuevas examined Tanner and filled the cavities identified by Dr. Beuscher. *Id.* ¶ 10; Ex. C at 36. When Tanner returned to his cell, he put his lower denture in, but it did not fit properly due to the new fillings in teeth numbers 22 and 27. *Id.* That afternoon, Dr. Cuevas adjusted the fillings so that the lower partial denture would fit properly. *Id.* At that time, Dr. Cuevas allegedly stated that he would submit a request to have Tanner's cracked lower denture repaired. *Id.*

On September 24, 2018, Tanner submitted an inmate request to the Dental Department indicating that he needed to be seen by the dentist because his partial lower denture had broken. *Id.* ¶ 11. On May 17, 2019, Tanner submitted an inmate request to the Dental Department indicating that he needed a new partial lower denture and he considered it to be an urgent matter. Compl. at 10 ¶ 12.

On June 25, 2019, Tanner filed a grievance seeking to be seen by the dentist because he needed a new partial lower denture. *Id.* ¶ 13; Ex. 4 at 19. On July 31, 2019, Dr. Cuevas examined Tanner and noted that he was not wearing his lower partial denture. *Id.* at 11 ¶ 18; Ex. 4 at 19. *Id.* Tanner informed Dr. Cuevas that the partial lower denture had broken and that he had sent the pieces of the denture to his family. *Id.* Tanner refused to request a family member to mail the pieces of his partial lower denture to Dr. Cuevas to enable him to attempt to repair the denture. *Id.* at 11-12 ¶ 18. Tanner believed that he was entitled to a new partial denture. *Id.* at 12 ¶ 18.

On September 3, 2019, Dr. Cuevas informed Tanner that he had been approved to receive a new partial lower denture and that he would be seen in the Dental Department when it was his turn. *Id.* at 12 ¶ 22; Ex. 11 at 30. As of the filing of the complaint, Tanner had not received his

3

partial lower denture. *Id.* at 14 ¶ 29.

**Discussion**

Tanner alleges that the defendants have been deliberately indifferent to his dental needs in violation of the Eighth Amendment. For relief, Tanner seeks compensatory and punitive damages and a declaration that the defendants violated and continue to violate his Eighth Amendment rights. *Id.* at 14-15. The court construes his allegation that he will continue to be irreparably injured until he receives a new partial lower denture as a request for injunctive relief. *Id.* at 14 ¶ 29.

### Eleventh Amendment - Monetary Damages

The Eleventh Amendment to the United States Constitution bars claims for monetary damages against a state actor acting in his official capacity unless there is a waiver of this immunity by statute or the state consents to suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). There are no allegations that the State of Connecticut has consented to suit for claims brought against the defendants. Furthermore, the passage of § 1983 was not intended to abrogate the state's immunity. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Thus, to the extent that Tanner seeks money damages from the defendants in their official capacities, the request for relief is barred by the Eleventh Amendment and is dismissed. *See* 28 U.S.C. § 1915A(b)(2).

### Eighth Amendment - Deliberate Indifference Dental Needs

Tanner alleges that Dental Assistant Duffy and Dr. Cuevas were deliberately indifferent to his serious dental need for a new partial lower denture. The Eighth Amendment prohibits deliberate indifference by medical providers to an inmate's serious medical and dental needs.

4

*See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) ("The Eighth Amendment forbids deliberate indifference to serious medical needs of prisoners . . . which includes needs for mental health care.") (internal quotation marks and citations omitted); *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (applying deliberate indifference standard to dental treatment claim). To state a claim for deliberate indifference to a serious dental or medical need, a plaintiff must meet a two-pronged test. Under the first prong, which is an objective inquiry, the inmate's medical need or condition must be "a serious one." *Brock v Wright*, 315 F.3d 158, 162 (2d Cir. 2003). The Second Circuit has observed that "dental conditions, like other medical conditions, may be of varying severity." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Factors relevant to the seriousness of a dental or medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Id.*

The second prong, the *mens rea* prong, is a subjective inquiry. Under this prong, the plaintiff must allege that the medical staff member or prison official "act[ed] or fail[ed] to act while *actually aware* of a substantial risk that serious inmate harm w[ould] result." *Spavone*, 719 F.3d at 138 (internal quotation marks and citation omitted). Mere negligent conduct does constitute deliberate indifference. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

Tanner asserts that as of September 24, 2018, his partial lower denture had broken

completely and was unusable.  Compl. at 10 ¶ 11.  In an inmate request submitted on May 17, 2019, Tanner indicating that he need for a new partial lower denture was urgent.  *Id.* ¶ 12.  In late July 2019, Tanner submitted an inmate request to Supervisor Tawanna Furtick and an inmate request to the Dental Department indicating that he was having difficulty chewing and that his gums were sore because he did not have partial lower denture.  *Id.* at 11 ¶¶ 16, 17.  A dental condition that causes pain and interferes with an inmate's ability to eat may constitute a serious dental need.  *See Chance,* 143 F.3d at 703 (painful dental condition, deterioration of teeth or inability to eat properly are factors that would indicate that a dental condition is a serious one); *Patterson v. Lichtenstein*, No. 3:18-CV-2130 (MPS), 2019 WL 1596347, at *3 (D. Conn. Apr. 15, 2019) (inmate's allegations that broken dental plate made it difficult for him to eat and had caused canker sores on his gums constituted serious dental need).

Tanner does not mention Dental Assistant Duffy in the body of the complaint.  Thus, he has not alleged that she was deliberately indifferent to his dental needs.  Furthermore, even though exhibits attached to the complaint reflect that Duffy responded to Tanner's inmate requests dated in September 2018 and January 2019, in which he claimed to need a new partial lower denture, the requests do not include any complaints of sores or difficulties in chewing or eating.  *See* Compl. at Exs. 1-2.  Nor does Tanner allege that he ever spoke to or met with Duffy regarding his need for a new partial lower denture.  Thus, Tanner has not alleged that Dental Assistant Duffy was aware of a risk of serious harm to his health and ignored that risk of harm.  The Eighth Amendment claim against Dental Assistant Duffy is dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

The fact that Dr. Cuevas responded to Tanner's May and July 2019 inmate requests and

June 2019 grievance suggests that he could have been aware as early as May 17, 2019, that Tanner no longer had a usable lower partial denture and that the lack of a lower denture was interfering with his ability to eat and that by July 24, 2019, he was aware that Tanner was suffering from painful gums and continued to be unable to eat. *See* Compl., Exs. 4, 6-8, 10 & C. More than a month after Tanner filed his grievance on June 25, 2019, Dr. Cuevas examined him and agreed to submit a request for approval to have a new partial denture fabricated for fourteen teeth in Tanner's lower jaw. *See id.*, Exs. 4 & C.

On September 3, 2019, Dr. Cuevas informed the plaintiff that the request that a new partial lower denture be fabricated for him had been approved but that he would have to wait until it was his turn to be seen regarding the fabrication of the new partial lower denture. *See id.* at 12 ¶ 22. Tanner has alleged that he only had two teeth in his lower jaw,[1] his gums had painful sores, he had been having difficulty eating since the middle of May 2019 and that Dr. Cuevas did not prescribe a soft food diet or medication for his sore gums. Given these facts, Dr. Cuevas's decision not to immediately schedule a date for the fabrication of the lower denture for Tanner could constitute an unreasonable delay in treatment. Accordingly, the Eighth Amendment claim of deliberate indifference to medical needs claim against Dr. Cuevas will proceed.

**ORDERS**

The court enters the following orders:

The request for money damages from the defendants in their official capacities is dismissed pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment claim of deliberate

---

[1] The record of Tanner's dental visit with Dr. Cuevas on July 31, 2019 reflects that Tanner required a denture to replace fourteen missing teeth in his lower jaw and that only tooth number 27 and tooth number 22, were still intact. *See id.*; Ex. C at 38-39.

indifference to dental needs against Dental Assistant Duffy in both her individual capacity and, to the extent Tanner seeks declaratory and injunctive relief, in her official capacity is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment deliberate indifference to dental needs claim will proceed against Dr. Cuevas in his individual capacity and, to the extent that Tanner seeks declaratory and injunctive relief, in his official capacity as well.

(2) On or before December 12, 2019, the Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal's Service. The U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on Dr. Frankie Cuevas in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) On or before December 12, 2019, the Clerk shall verify the current work address of Dr. Frankie Cuevas and mail a copy of the complaint, this order, and a waiver of service of process request packet to defendant Cuevas in his individual capacity at his confirmed address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the request. If defendant Cuevas fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and defendant Cuevas shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Defendant Cuevas shall file his response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If he chooses to file an answer, he shall admit or

deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by May 21, 2020. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed on or before June 21, 2020.

(7) The Clerk shall send a copy of the complaint and this order to the Connecticut Attorney General and to the Department of Correction Legal Affairs Unit.

(8) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which will be sent to the parties by the Clerk. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

SO ORDERED at Bridgeport, Connecticut this 21st day of November, 2019.

                                                                            _/s/_____
                                                                            Kari A. Dooley
                                                                            United States District Judge